UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Dim Njaka,

        Plaintiff,        **MEMORANDUM OPINION AND ORDER**

v.        Civil No. 04-4585 ADM/AJB

John E. Potter, Postmaster General,
United States Postal Service,

        Defendant.

___

Dim Njaka, *pro se*.

Patricia R. Cangemi, Esq., Assistant United States Attorney, Minneapolis, MN, on behalf of Defendant.

___

## I. INTRODUCTION

On August 22, 2006, oral argument before the undersigned United States District Judge was heard on the Motion to Dismiss, Alternatively for Summary Judgment [Docket No. 40] of Defendant John E. Potter, Postmaster General, United States Postal Service ("Defendant"). In his Amended Complaint [Docket No. 5], Plaintiff Dim Njaka ("Plaintiff") asserts claims for racial discrimination, disability discrimination, and retaliation. Also on August 22, 2006, after oral argument on the Motion to Dismiss concluded, Plaintiff filed a Motion for Preliminary Injunction [Docket No. 79]. For the reasons stated herein, Defendant's Motion is granted and Plaintiff's Motion is denied.

## II. BACKGROUND

On April 23, 1988, Plaintiff was hired as a Part Time Flexible Mail Handler at the Minneapolis Main Post Office. Am. Compl. ¶ 10, at 5. On September 2, 1988, Plaintiff injured his back after lifting a sack of mail. Cangemi Decl. [Docket No. 44] Ex. [Docket No. 43] 1 at

375, 380. On February 5, 1990, the Postal Service advised Plaintiff that as a result of his "repeated" failure to provide written medical documentation supporting his physical restrictions and limitations, he was being placed in a non-scheduled status until the requested medical documentation was provided. Id. at 69. On February 16, 1990, Plaintiff's doctor sent the Postal Service the requested medical documentation. Id. at 76. Plaintiff's doctor also informed the Postal Service that he had reviewed a videotape of the light duty work that Plaintiff would be performing, and he believed Plaintiff was capable of performing that type of work. Id. The Postal Service then sent Plaintiff a letter, ordering him to return to work on February 20, 1990 at 3:00 p.m. Id. at 70. Plaintiff's hours were to be from 3:00 p.m. to 11:30 p.m. with Thursdays and Sundays as days off. Id. Plaintiff avers that he did not receive the Postal Service's letter until Saturday, February 24, 1990. Am. Compl. ¶ 10, at 17. Plaintiff attempted to resume work on February 26, 1990, but was told by his manager to talk to the union. Id.

On April 10, 1990, the Postal Service sent Plaintiff a letter, informing him that he would be removed from the Postal Service on May 21, 1990 for absence without official leave (AWOL) for failing to report to work. Cangemi Decl. Ex. 1 at 84. On May 21, 1990, Plaintiff's employment was terminated. Am. Compl. ¶ 10, at 20. On June 23, 1992, Plaintiff sent a letter requesting restoration to the Postal Service. Cangemi Decl. Ex. 1 at 97. On July 30, 1992, the Postal Service denied Plaintiff's request, citing no vacancies for which Plaintiff could be considered. Id. at 98. Plaintiff avers that he requested restoration again on September 23, 1994, but that his request was met with silence. Am. Compl. ¶ 10, at 24.

Since 1989, over a fifteen year period, Plaintiff has pursued claims related to his injury, termination, and denial of restoration of his employment with the Postal Service. Plaintiff has

filed claims on his case with the National Labor Relations Board ("NLRB"), the Office of Workers' Compensation Programs ("OWCP"), the Merit Systems Protection Board ("MSPB"), and the Equal Employment Opportunity Commission ("EEOC").  On March 13, 1995, Plaintiff appealed the 1994 denial of restoration to the MSPB.  Cangemi Decl. Ex. 1 at 45.  On April 4, 1996, after extensive pre-hearing litigation and a fourteen hour hearing, Administrative Judge ("AJ") Howard J. Ansorge dismissed Plaintiff's claim for lack of jurisdiction.  Id. at 7-26.  The AJ also determined that the reason Plaintiff did not report for work at the Postal Service during the period he was charged with being AWOL was because the starting time conflicted with a second job Plaintiff held.  Id. at 17.  On July 1, 1999, nearly three years after the AJ's decision, Plaintiff filed a Petition for Review ("PFR") with the MSPB.  Id. at 1-6.  Plaintiff's PFR was dismissed as untimely.  Id. at 1.

On September 27, 1996, Plaintiff filed an EEO complaint alleging race discrimination, disability discrimination, and retaliation.  Cangemi Decl. Ex. 9.  On September 2, 1999, EEOC Administrative Judge Julie Schmid found that Plaintiff was not discriminated against when he was not re-employed in 1994.  Cangemi Decl. Ex. 11 at 7.  The Postal Service then issued a Final Agency Decision ("FAD") on September 23, 1999.  Cangemi Decl. Ex. 12.  Plaintiff appealed the FAD to the EEOC's Office of Federal Operations ("OFO").  Cangemi Decl. Ex. 13 at 3.  On May 16, 2002, the OFO affirmed the FAD after determining that Plaintiff failed to present evidence that any of the Postal Service's actions were motivated by discriminatory animus.  Id.  Plaintiff filed a Request for Reconsideration, which was ultimately denied on September 3, 2003.  Cangemi Decl. Ex. 15.

On July 8, 2004, an attorney purporting to represent Plaintiff sent a letter to the EEOC,

asserting that Plaintiff never received a copy of the order denying his request for reconsideration. Cangemi Decl. Ex. 4.  On July 21, 2004, the EEOC re-sent a copy of its decision to Plaintiff's attorney, which Plaintiff avers he received on July 28, 2004.  Cangemi Decl. Ex. 5; Am. Compl. ¶ 2m.  Plaintiff filed his initial complaint in this lawsuit on October 25, 2004.

### III. DISCUSSION

**A.       Standard of Review**

Rule 12 of the Federal Rules of Civil Procedure provides that a party may move to dismiss a complaint for failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  In considering a motion to dismiss, the pleadings are construed in the light most favorable to the nonmoving party, and the facts alleged in the complaint must be taken as true. Hamm v. Groose, 15 F.3d 110, 112 (8th Cir. 1994); Ossman v. Diana Corp., 825 F. Supp. 870, 879-80 (D. Minn. 1993).  Any ambiguities concerning the sufficiency of the claims must be resolved in favor of the nonmoving party.  Ossman, 825 F. Supp. at 880.  "A motion to dismiss should be granted as a practical matter . . . only in the unusual case in which the plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief."  Frey v. City of Herculaneum, 44 F.3d 667, 671 (8th Cir. 1995).

Federal Rule of Civil Procedure 56(c) provides that summary judgment shall issue "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c); see Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  On a motion for

summary judgment, the Court views the evidence in the light most favorable to the nonmoving party. Ludwig v. Anderson, 54 F.3d 465, 470 (8th Cir. 1995). The nonmoving party may not "rest on mere allegations or denials, but must demonstrate on the record the existence of specific facts which create a genuine issue for trial." Krenik v. County of Le Sueur, 47 F.3d 953, 957 (8th Cir. 1995).

**B.   Motion to Dismiss and Motion for Summary Judgment**

Defendant advances three grounds in support of its Motion to Dismiss, Alternatively for Summary Judgment. Defendant argues that: (1) Plaintiff's Amended Complaint is untimely, and his untimeliness should not be excused by equitable tolling, (2) most of Plaintiff's claims are barred for failure to exhaust administrative remedies, and (3) Plaintiff's discrimination claims should be dismissed for failure to establish a prima facie case of discrimination. Plaintiff failed to file a response to Defendant's Motion. As a result, "summary judgment, if appropriate, shall be entered against the adverse party." Fed. R. Civ. P. 56(e); see United States v. 9638 Chicago Heights, 27 F.3d 327, 329 n.1 (8th Cir. 1994) (stating that failure to respond to a motion for summary judgment does not automatically compel resolution in favor of the moving party). Although Plaintiff is proceeding *pro se*, he is college educated, has participated actively and extensively in pre-trial filings, and has had clear rules to follow regarding deadlines. See Bennett v. Dr Pepper/Seven Up, Inc., 295 F.3d 805, 807-08 (8th Cir. 2002). Therefore, there is no reason to excuse Plaintiff's failure to respond.

"A complainant who has filed an individual complaint . . . is authorized under title VII, the ADEA and the Rehabilitation Act to file a civil action in an appropriate United States District Court . . . [w]ithin 90 days of receipt of the Commission's final decision on an appeal."

5

29 C.F.R. § 1614.407(c).  In this case, the EEOC's final decision was issued on September 3, 2003, and expressly states "[f]or timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was mailed."  Cangemi Decl. Ex. 3 at 3.  Plaintiff filed his initial Complaint on October 25, 2004, and his Amended Complaint on October 27, 2004, well past the 90 day deadline.  As a result, Plaintiff's Amended Complaint must be dismissed in its entirety unless Plaintiff's untimeliness can be excused by equitable tolling.

On July 8, 2004, an attorney for Plaintiff informed the EEOC that Plaintiff never received a copy of the EEOC's final decision, and requested that another copy be sent.  Cangemi Decl. Ex. 4.  On July 21, 2004, the EEOC again mailed a copy of its final decision to Plaintiff's attorney, which contained the language concerning the five day presumption.  Cangemi Decl. Ex. 5.  Plaintiff avers he received the final decision on July 28, 2004.  Am. Compl. ¶ 2m.  Plaintiff filed his initial complaint on October 25, 2004 and his Amended Complaint on October 27, 2004.  Plaintiff appears to argue that his untimeliness should be excused by equitable tolling because he filed the instant Amended Complaint within 90 days after he received a copy of the EEOC's final decision which was re-mailed at his request on July 21, 2004.

However, a review of Supreme Court and Eighth Circuit case law reveals that this is not the type of circumstance which invokes the doctrine of equitable tolling.  Equitable tolling is typically allowed when a plaintiff acts diligently to preserve his rights but files a defective pleading during the limitations period, or when a plaintiff misses the filing deadline due to a defendant's affirmative misconduct.  Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990).  Equitable tolling is disallowed when the timeliness is due to a plaintiff's excusable neglect, such

as when a plaintiff fails to notify the relevant agency of his new address. See Bess v. Barnhart, 337 F.3d 988, 990 (8th Cir. 2003), and cases cited therein; Johnson v. Henderson, 234 F.3d 367, 367 (8th Cir. 2000), and cases cited therein; St. Louis v. Alverno College, 744 F.2d 1314, 1316-17 (7th Cir. 1984). In paragraph 88 of his Amended Complaint, Plaintiff alleges that he never received the EEOC's final decision because the Postal Service caused the termination of his mailing privileges at a particular post office box and ordered the UPS store not to deliver mail to Plaintiff's forwarding address. There is no evidence in the record to support Plaintiff's vague allegations regarding the Postal Service's misconduct. Further, Plaintiff has asserted no excusable reason for apparently failing to keep the EEOC informed of his current address. As a result, Plaintiff is not entitled to equitable tolling and his Amended Complaint must be dismissed as untimely.

Even if equitable tolling were to apply, Plaintiff's Amended Complaint must still be dismissed for failure to exhaust administrative remedies and failure to establish a claim of discrimination. Before filing his Amended Complaint, Plaintiff should have first exhausted administrative remedies by consulting an EEO counselor to try to informally resolve the dispute. See 29 C.F.R. § 1614.105(a); Bailey v. United States Postal Serv., 208 F.3d 652, 654 (8th Cir. 2000). Contact with an EEO counselor must be initiated within 45 days of the date of the matter alleged to be discriminatory. 29 C.F.R. § 1614.105(a)(1); Bailey, 208 F.3d at 654. Plaintiff has included a multitude of allegations of discrimination in his Amended Complaint unrelated to his restoration to employment claim that was considered by the EEOC, but has provided no evidence that he contacted an EEO counselor with respect to any of those

7

claims.[1] As a result, those claims must be dismissed for failure to exhaust administrative remedies. Further, Plaintiff's discrimination claims must fail because there is no evidence that Plaintiff was treated less favorably than other similarly-situated individuals, and the Postal Service has a legitimate, non-discriminatory reason for its actions. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). The record shows that Plaintiff was ultimately terminated from the Postal Service for being AWOL, and contains no evidence that Plaintiff was denied restoration to employment because of discrimination.

C.  **Motion for Preliminary Injunction**

Shortly after oral argument concluded on August 22, 2006, Plaintiff filed a Motion for Preliminary Injunction. In his Motion, Plaintiff asks the Court for a preliminary order reinstating his employment and rehabilitation services pending final resolution of his discrimination claims. Because this Order grants Defendant's Motion and dismisses Plaintiff's Amended Complaint, Plaintiff's Motion for Preliminary Injunction is denied as moot.

---

[1] Plaintiff's argument that his March 1, 1990 letter to Postmaster William J. Brown ("Brown") was an informal EEO complaint, and that Brown's response letter was an acknowledgment letter referring him to an EEO counselor, does not change the analysis. See Am. Compl. ¶¶ 2a, 10, 18-21, 42d, 43. A review of both letters reveals that Plaintiff complained to Brown that the Postal Service had changed his starting time "without due process," and Brown responded that because Plaintiff was a part time flexible employee, his starting time could be "changed as necessary to meet service requirements." Cangemi Decl. Ex 1. at 78, 80. There is absolutely no evidence to indicate that Plaintiff intended his letter to be an informal EEO complaint, or that the Postal Service construed it as such. It is also evident that Brown referred Plaintiff to Roger Schwagmeyer, Manager, Safety and Health, for assistance in obtaining light or limited duty work, or obtaining records or answering questions with respect to Plaintiff's OWCP claim. Cangemi Decl. Ex. 1 at 80. There is no evidence that Roger Schwagmeyer was also an EEO counselor or that Brown was attempting to refer Plaintiff to an EEO counselor.

## IV. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant John E. Potter, Postmaster General, United States Postal Service's Motion to Dismiss, Alternatively for Summary Judgment [Docket No. 40] is **GRANTED**; and

2. Plaintiff Dim Njaka's Motion for Preliminary Injunction [Docket No. 79] is **DENIED AS MOOT**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:


      s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  September 22, 2006.